(919 P.2d 362)
No. 74,058

TIRE DISPOSAL FACILITATORS, INC., *Appellee*, v. STATE OF KANSAS *ex rel.* ROBERT C. HARDER, SECRETARY OF THE KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT, *Appellant.*

Opinion filed May 24, 1996.

*William L. Anderson*, of Kansas Department of Health and Environment, of Topeka, for appellant.

*Max Eugene Estes*, of Dodge City, for appellee.

Before ELLIOTT, P.J., LEWIS and KNUDSON, JJ.

ELLIOTT, J.: The Kansas Department of Health and Environment (KDHE) revoked the permit of Tire Disposal Facilitators, Inc., (TDF) to transport waste tires and ordered removal of tires at an unpermitted site. On review, the district court reversed KDHE's order, reinstated TDF's permit, and set aside the order to remove the waste tires.

KDHE appeals and we reverse.

KDHE argues the district court erred in reversing the KDHE Secretary's final order. The district court ruled that the KDHE Secretary acted arbitrarily and capriciously under K.S.A. 77-

621(c)(8) by disregarding the presiding officer's determination regarding witness credibility.

K.S.A. 1995 Supp. 77-527 governs agency review of initial orders. That statute provides, in part:

"(d) In reviewing an initial order, the agency head or designee shall exercise all the decision-making power that the agency head or designee would have had to render a final order had the agency head or designee presided over the hearing, except to the extent that the issues subject to review are limited by a provision of law or by the agency head or designee upon notice to all parties."

We read this statute to allow the agency to exercise de novo review on the record.

The KDHE Secretary listed several reasons for disagreeing with the presiding officer's determination of witness credibility. Those reasons are supported by substantial competent evidence in the record. Because the KDHE Secretary's standard of review was de novo, and because he fully explained his reasons for disagreeing with the presiding officer's witness credibility determination, the KDHE Secretary did not act arbitrarily or capriciously.

We reverse the district court and reinstate the KDHE Secretary's final order. The Secretary found that the farmer/rancher exemption of K.S.A. 1995 Supp. 65-3424a and K.S.A. 65-3424b did not apply because the property owner never intended to use the waste tires as silage covers. Therefore, we need not reach TDF's argument regarding the presiding officer's interpretation of those statutes.

Reversed.